1    Robert M. Gagliasso  SBN 162082
Mary Acquesta, SBN 112434
2    **BUSTAMANTE & GAGLIASSO, APC**
333 W. San Carlos St., 6th Floor
3    San Jose, California 95110
Telephone: (408) 977-1911
4    Facsimile 408.977.0746

5    Attorneys for Plaintiff
AVRS, Inc.
6

7

ENDORSED

2015 MAY 13   A ◌ 48



8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                IN AND FOR THE COUNTY OF SANTA CLARA

10   AVRS, INC., a California Corporation          Case No.

11                    Plaintiff,              **1150CV280570**
                                             COMPLAINT FOR:

12   vs.
                                             1.  **Breach of Contract;**
13   STATE FARM GENERAL                       2.  **Breach of Implied Covenant of**
     INSURANCE COMPANY; DOES 1                    **Good Faith and Fair Dealing; and**
14   through 50, inclusive,                   3.  **Declaratory Relief**

15                    Defendants.

16       Plaintiff, AVRS, Inc., alleges as follows:

17       I.    **GENERAL ALLEGATIONS.**

18       1.    The Parties.

19            Plaintiff AVRS, Inc., is a California corporation and all times relevant hereto,

20   plaintiff was doing business in the State of California, in the County of Sonoma, with its principal

21   place of business in Petaluma, California.

22       2    Plaintiff is informed and believes and thereupon alleges at all times relevant hereto,

23   that State Farm General Insurance Company ("State Farm") is an Illinois corporation, with its

24   headquarters in Bloomington, Illinois doing business as an insurer throughout the State of

25   California, including Santa Clara County.

26       3.    Defendants Does 1-50, inclusive, are the fictitious names of those defendants whose

27   true names are unknown to plaintiff, and whose true capacities, whether as alter egos, individuals,

28   corporations, partnerships, joint ventures, associations, parent companies, subsidiaries, agents,

**Exhibit A**

1    directors, servants, and/or employees are also unknown to Plaintiff and when such true names are

2    ascertained, Plaintiff will amend its Complaint by substituting such true names in accordance with

3    Code of Civil Procedure §474.

4        4.    Plaintiff is informed and believes and thereon alleges that at all times herein

5    mentioned doing the things hereinafter mentioned, Doe Defendants 1-50, were acting in the scope

6    of their authority, as alter egos, individuals, corporations, partnerships, joint ventures, associations,

7    parent, subsidiaries, agents, directors, servants, and/or employees with permission or consent from

8    their co-defendants.

9        5.    Plaintiff is informed and believes and thereon alleges that whenever and wherever in

10   this Complaint any of the defendants are the subject of any charging allegations by Plaintiff, said

11   Does 1-50 are also responsible in some manner for the events and happenings alleged herein, and

12   shall be deemed Doe Defendants, and each of them, are likewise the subject of said charging

13   allegations herein by said Plaintiff.  Defendant State Farm and Does 1-50 (are hereinafter

14   collectively referred to as "Insurer Defendants").

15       6.    AVRS, Inc., a California corporation, acts as a First Line Service Provider for the

16   California Department of Motor Vehicles ("DMV").  Pursuant to California Vehicle Code §1685,

17   the DMV is authorized to contract with Qualified Private Industry Partners for the purpose of

18   processing vehicle registration and titling transactions.  As a First Line Service Providers, AVRS,

19   Inc. enters into agreements with Second Line Service Providers who originate transactions with the

20   general public and transmit them to AVRS.  Currently, the Department has five (5) authorized First

21   Line Service Providers, including AVRS, Inc. The Second Line Service Provider issue title and

22   registration documents to their customers and forward the original application and verification

23   documents to AVRS who, in turn, forwards the documents to the DMV.  The DMV then

24   independently verifies the completeness of the documents and enters them into the DMV database.

25   AVRS charges a fee for each transaction.  It receives the "hard copies" of the documents between

26   10 and 21 days after the transaction is completed by the Second Line Service Providers.  AVRS has

27   NO responsibility for verification of the transactions or, for any fraudulent activity of the Second

28   Line Service Providers who use the AVRS on-line (SAAS) service.  The underlying action and the

1    related cross actions arise out of a series of transactions wherein the Second Line Service Provider
2    (California Registration Services [a dba]) processed a series of title transfers using a process
3    sanctioned by the DMV wherein a lost or stolen title document may be re-issued as a duplicate title
4    thereby transferring title from the old owner to the new owner.

5        7.    Beginning in or around October 2009, State Farm contracted to provide insurance to
6    Plaintiff. In particular, Insurer Defendants prepared a Contract to provide insurance bearing Policy
7    No. 90-BP-ND62-2 (Business), effective for consecutive one-year terms from October 14, 2009 to
8    March 25, 2013.

9        8.    Plaintiff is informed and believes and thereupon alleges that the Insurer Defendants'
10   insurance policy requires Insurer Defendants to defend the Plaintiff against any claim or action
11   alleging property damage, loss of use and/or bodily injury, even if such action is groundless and
12   false. Plaintiff is also informed and believes and therefore alleges, that through the Insurer
13   Defendants' policy noted above, Insurer Defendants further agreed to pay on behalf of the Plaintiff,
14   all sums which the plaintiff insured became legally obligated to pay as damages, loss of use because
15   of property damages and/or bodily injury.

16       9.    On or about November 27, 2012, Plaintiff AVRS was personally served with the
17   underlying lawsuit filed on November 25, 2012 and entitled *Enterprise Rent-A-Car Company of Los*
18   *Angeles, LLC v. EAN Holdings, LLC, et al.,* San Diego Superior Court Case No. 37-2012-
19   00085515. On or about November 30, 2012, Plaintiff tendered the defense and indemnity of the
20   above-referenced matter to Insurer Defendants for the defense and indemnity of Plaintiff as an
21   insured on its business policy.

22       10.   On or about December 12, 2012, Insurer Defendants responded to the tender and
23   declined to find coverage or to provide a defense or indemnity to its insured, based solely upon the
24   allegation in the Complaint.

25       11.   On or about November 13, 2013, Plaintiff again tendered the defense and made a
26   demand for coverage under the policy. This tender and demand were again accompanied by the
27   original Complaint in the Enterprise matter, and for the first time, deposition testimony of
28   Enterprise's PMK, Kathy Turner. Ms. Turner's testimony included specific facts regarding the

1   property damages sustained to the 86 vehicles and amounts paid by Enterprise to repair those

2   vehicles. In addition, the new tender also included a new Cross-Complaint which had been filed in

3   the Enterprise matter, which included additional causes of action, and alleged, as a result of the

4   actions of AVRS, that Cross-Complainants, Maria Davila and Faramaz Loftabadi, had sustained

5   property damage and personal injury, all due to the alleged negligence of Plaintiff AVRS

6   (collectively hereinafter the "Underlying Action").

7       12.    State Farm acknowledged receipt of the new tender on November 20, 2013 and again

8   failed to promptly respond by either accepting the claim or denying coverage, and instead referred

9   the case to its agents, the attorneys at Wade & Lowe to review, analyze and respond.

10       13.    On or about January 6, 2014, Defendants' agents analyzed the claim, including the

11   new pleadings and sworn deposition testimony alleging negligence, actual property damage, and

12   personal injury, and denied the tender and advised that State Farm refused to provide a defense to

13   Plaintiff AVRS in the underlying action and refused to indemnify Plaintiff AVRS for the damages

14   allegedly incurred due to AVRS, Inc.'s alleged negligence. In direct contradiction to the sworn

15   testimony of Enterprise' PMK, Wade & Lowe based their denial 1) on a lack of claimed property

16   damage and, 2) the "professional services exclusion".

17       14.    As a direct result of Insurer Defendants' failure to undertake the obligations to

18   Plaintiff, Plaintiff faced substantial covered claims without the benefit of the insurance policies to

19   which it was entitled, as well as substantial costs in the form of attorneys' fees, investigation costs,

20   court costs and other costs.

21       15.    Plaintiff is informed and believes and thereon alleges that Defendant State Farm's

22   Insurance Policy No. 90-BP-N062-2 required State Farm and Insurer Defendants to defend its

23   insured, AVRS, Inc., against any claim alleging negligence, property damage, loss of use and/or

24   personal injury and seeking damages payable under the insurance policies even if such action was

25   found to be groundless and false. Plaintiff is also informed and believes and thereon alleges that

26   through these insurance policies, State Farm and defendants further agreed to pay on behalf of its

27   insured, all sums which the insured becomes legally obligated to pay as damages because of 1)

28   property damage, 2) loss of use, and 3) bodily injury to which insurance applies. Plaintiff alleges

1   that claims failing under the terms of the policy were tendered to Insurer Defendant on November

2   13, 2013.

3       16.    As of the date of this filing, and despite its obligations to provide a defense to its

4   insured, Insurer Defendants have failed to take any action whatsoever to protect their insured,

5   Plaintiff AVRS, Inc., which is a material breach of the obligations owed to Plaintiff under the

6   policies to Plaintiff's severe detriment and prejudice.

7       17.    Insurer Defendants have acknowledged that Plaintiff is an insured under the above-

8   referenced policy, but has wrongfully denied its duty to defend and/or indemnify Plaintiff under the

9   policy with regard to the underlying litigation, and during that period of time, has failed to take any

10  action whatsoever to protect, defend or indemnify Plaintiff AVRS.

11      18.    Plaintiff provided timely notice of the claims to each and every insurer defendant.

12      19.    Plaintiff has performed all covenants and/or conditions on its part, which must be

13  performed in order to obtain a defense and/or indemnity under each of the policies referenced herein

14  above, or has been excused from performing as a result of the Insurer Defendants' breach of their

15  respective insurance agreements, including the failure or refusal to defend and/or indemnify

16  Plaintiff.

17      20.    As of the date of the filing of this Complaint, Plaintiff AVRS has incurred over a

18  $450,000.00 in fees, costs and expenses to defend and investigate the various claims asserted

19  against it in the Complaint and Cross-Complaints.

20                          **FIRST CAUSE OF ACTION**

21                            **Breach of Contract**

22                       **(Against All Insurer Defendants)**

23      21.    Plaintiff repeats, realleges, and incorporates each and all of the allegations contained

24  in paragraphs 1 through 20 of this complaint.

25      22.    Plaintiff has duly performed each and every covenant and/or condition of the

26  respective policies of insurance issued by the Insurer Defendants to be performed or has been

27  excused from so performing as a result of each Insurer Defendant's breach of its respective

28  insurance agreements, including their refusals to defend and/or indemnify Plaintiff and/or settle.

23.     As set forth above, the Insurer Defendants, among other things, agreed to investigate and adjust claims made against Plaintiff, and defend and/or indemnify Plaintiff and/or settle any claim on account of alleged property damage or bodily injury caused by an occurrence falling, or potentially falling, within the coverage of each policy as defined in the policy.  Pursuant to each of these insurance policies, each Insurer Defendant also had a duty to conduct an adequate investigation of any claims made against Plaintiff, and defend and/or indemnify Plaintiff against such claims and/or settle such claims.  The relevant portions of the State Farm insurance policy reads as follows:

**SECTION II**
**COMPREHENSIVE**
**BUSINESS LIABILITY**

**COVERAGE L-**
**BUSINESS LIABILITY**

We will pay those sums that the insured becomes legally obligated to pay as damages because of **bodily injury, property damage, personal injury** or **advertising injury** to which this insurance applies. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments. This insurance applies only:

1.  to **bodily injury** or **property damage** caused by an **occurrence** which takes place in the **coverage territory** during the policy period;

2.  to **personal injury** caused by an **occurrence** committed in the **coverage territory** during the policy period. **The occurrence** must arise out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you;

3.  to **advertising injury** caused by an **occurrence** committed in the **coverage territory** during the policy period.  The **occurrence** must be committed in the course of advertising your goods, products or services.

**RIGHT AND DUTY**
**TO DEFEND**

We will have the right and duty to defend any claim or **suit seeking damages** payable under this policy even though the allegations of the suit may be groundless, false or fraudulent. The amount we will pay for damages is limited as described in Limits of Insurance. Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services or death resulting at any time from the **bodily injury**. We may investigate and settle any

claim or **suit** at our discretion. Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements or medical expenses.

**DEFINITIONS**

This section contains the definitions of the words printed in bold face in Section II of this policy. It is an integral part of the policy. The definitions appearing below will be applied as if they were included each time the words they define are used in Section II of this policy.

When used in the provisions applicable to Section II of this policy (including endorsements forming a part of this policy):

    3. **bodily injury** means **bodily injury**, sickness or disease sustained by a person, including death resulting from the **bodily injury**, sickness or disease at any time;

10. **occurrence** means:

    a.    An accident, including continuous or repeated exposure to substantially the same general harmful conditions which result in **bodily injury** or **property damage**; or

    b.    The commission of an offense, or a series of similar or related offenses, which results in **personal injury** or **advertising injury**.

    For purposes of this definition, **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property will be considered an accident;

14.    **property damage** means;

    a.    Physical injury to or destruction of tangible property, including all resulting loss of use of that property. All such loss of use will be considered to occur at the time of the physical injury that caused it; or

    b.    Loss of use of tangible property that is not physically injured or destroyed, provided such loss of use is caused by physical injury to or destruction of other tangible property. All such loss of uses will be considered to occur at the same time of the **occurrence** that caused it;

**BUSINESS
LIABILITY
EXCLUSIONS**

Under Coverage L, this insurance does not apply:

1.   **to bodily injury or property damage:**

a.   expected or intended from the standpoint of the insured; or

b.   to any person or property which is the result of willful and malicious acts of the insured.

This exclusions does not apply to **bodily injury** or **property damage** resulting from the use of reasonable force to protect persons or property;

10.  to **bodily injury, property damage** or **personal injury** due to rendering or failure to render any professional services or treatments. This includes but is not limited to:

a.   legal, accounting or advertising services;

b.   engineering, drafting, surveying or architectural services, including preparing, approving, or failing to prepare or approve maps, drawings, opinions, reports, surveys, change orders, designs or specifications;

c.   supervisory or inspection services;

d.   medical, surgical, dental, x-ray, anesthetical or nursing services or treatments, but this exclusion only applies to an insured who is engaged in the business or occupation of providing any of these services or treatments;

e.   any cosmetic, tonsorial or ear piercing services or treatments;

f.   optometry or optical or hearing aid services, including

1.   prescribing, preparing, fitting, demonstrating or distributing of ophthalmic lenses and similar products; or

2   hearing aid devices;

g.   mortuary or veterinary services and treatments;

h.   chiropractic, massage, physiotherapy, chiropody or osteopathy services or treatments; and

i.   pharmaceutical services, but this exclusion does not apply to an insured who is a retail druggist or drugstore;

**POLICY ENDORSEMENT (FE-6656)**

24.  The Insurer Defendants further agreed to defend Plaintiff on account of such alleged

1    negligence and property damage, loss of use and/or personal injury, even if any of the claims were
2    groundless, false, or fraudulent. The Insurer Defendants' duties to defend included a duty to provide
3    an immediate and complete defense in accordance with California law.

4        25.    As a result of the claims of negligent property damage, loss of use and bodily injury
5    in the Underlying Action, Plaintiff has been forced to incur loss for investigative services, and other
6    defense costs, including attorneys' fees, expert fees, travel fees, court costs, damages, and other
7    expenses because of alleged negligence and associated property damage, and loss of use, bodily
8    injury caused by an occurrence falling within the coverage of, or as defined in, each of the policies
9    referred to hereinabove. In breach of these insurance policies, the Insurer Defendants, through their
10    officers, managerial agents, and/or agents, employees, have refused and continue to refuse to pay
11    and/or reimburse Plaintiff as required by the policy terms.

12        26.    The Insurer Defendants' breach of their insurance contracts with Plaintiff include, but
13    are not limited to, the failure and refusal of the Insurer Defendants to do one or more of the
14    following:

15        (a)    Adequately respond to the notices of claims, tenders of defense and/or other
16    correspondence from Plaintiff or its attorneys;

17        (b)    Adequately investigate the claims of property damage, bodily injury or loss
18    of use and/or claims made in the Underlying Action against Plaintiff;

19        (c)    Provide a timely, complete, and conflict-free defense to Plaintiff of all
20    covered, potentially covered, and non-covered claims;

21        (d)    Reimburse Plaintiff for attorneys' fees and other cost associated with the
22    investigation and defense of the claims of property damage, loss of use and bodily injury claims
23    made in the Underlying Action; and

24        (e)    Provide indemnity and/or settlement authority to resolve the claims of
25    property damage, loss of use and bodily injury claims made in the Underlying Action against
26    Plaintiff.

27        27.    As a direct and proximate result of the Insurer Defendants' breaches of their
28    respective contractual duties, Plaintiff has incurred substantial attorneys' fees, costs, damages and

1  expenses in defense, repair, loss adjustment, mitigation, investigation, and other costs and expenses

2  in an amount within the jurisdictional limits of this Court, according to proof.

3      28.    Plaintiff is entitled to recover all of their damages as referenced herein, with interest

4  thereon, according to proof.

5  **SECOND CAUSE OF ACTION**

6  **Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(Against All Insurer Defendants)**

7

8      29.    Plaintiff repeats, realleges, and incorporates each and all allegations contained in

9  paragraphs 1 through 28 of this complaint.

10      30.    The Insurer Defendants at all material times had the duty and legal obligation to act

11  fairly and in good faith with Plaintiff in carrying out their responsibilities under their respective

12  policies of insurance, to promptly and reasonably investigate claims against Plaintiff, and to make

13  reasonable coverage decisions.

14      31.    Plaintiff is informed and believes, and thereon alleges, that the Insurer Defendants

15  breached their obligations to act fairly and in good faith toward Plaintiff by one or more of the

16  following:

17      (a)    Failing to conduct reasonable, prompt, and unbiased investigations into

18  claims for negligence, property damage, loss of use and bodily injury in the Underlying Action

19  alleged against Plaintiff after being provided with pleadings and discovery alleging covered claims

20  and requiring a defense and/or indemnity for plaintiff;

21      (b)    Delaying and/or failing to reach a decision as to whether to provide a defense

22  and/or settlement authority in response to the claims of property damage, loss of use and bodily

23  injury in the Underlying Action;

24      (c)    Failing to give due consideration of the serious and grave nature of the claims

25  asserted against Plaintiff;

26      (d)    Making coverage decisions without reviewing the applicable insurance

27  policies or documentation contained within their files;

28

1       (e)     Failing to consult their own underwriting files and information prior to
2   taking a position on key coverage issues, resulting in substantial prejudice to Plaintiff;

3       (f)     Wrongfully failing to provide a defense and/or indemnity and/or settlement
4   authority to Plaintiff in connection with the claims for property damage, loss of use and bodily
5   injury asserted in the Underlying Action without proper cause and without regard to the provisions
6   of the respective insurance policies, relevant case law, and facts alleged and provided to or
7   otherwise available to the Insurer Defendants through reasonable investigation;

8       (g)     Not participating in mediations and failing to provide settlement authority to
9   Plaintiff with the knowledge that Plaintiff's exposure would only increase;

10      (h)     Improperly attempting to place the burden of the defense and indemnity of
11  the claims for negligence, property damage, loss of use and bodily injury and other claims in the
12  Underlying Action upon Plaintiff.

13      (i)     Improperly attempting to assert that the definition of "damages," and the
14  "professional services exclusion" act as a total bar to the obligation to provide a defense and/or
15  indemnity and/or settlement authority to Plaintiff;

16      (j)     Unreasonably taking the wrongful coverage position that the "professional
17  services" exclusion acts as a total bar to the obligation to provide a defense and/or indemnity and/or
18  settlement authority to Plaintiff with knowledge that covered property damages, loss of use and
19  bodily injury damages potentially or actually commenced during one of their policy periods; and
20  with knowledge that plaintiff's actions did not constitute "professional services" as defined in the
21  policy or relevant case law.

22      (k)     Rendering or delaying coverage decisions and refusing to provide coverage
23  in conscious disregard of the risk of jeopardizing settlement and significantly increasing exposure to
24  Plaintiff;

25      (l)     Forcing Plaintiff to bring this action to obtain insurance coverage benefits to
26  which Plaintiff is entitled by wrongfully denying coverage when the evidence supports coverage;

27      (m)     Basing coverage decisions on a desire to reduce or avoid obligations to
28  Plaintiff;

1        (n)     Taking positions directly contrary to controlling appellate authorities;

2        (o)     Taking positions directly contrary to controlling California Supreme Court

3   authorities;

4        (p)     Failing to acknowledge communications from Plaintiff in violation of

5   Sections 2695.5, 2695.6 and 2695.7 of the California Code of Regulations;

6        (q)     Intentionally retaining counsel to investigate the claims of property damage,

7   loss of use and bodily injury with the intent to build a case for denying coverage;

8        (r)     Taking the above-described actions for the purpose of forcing Plaintiff to

9   forego the benefits to which it is entitled and forcing Plaintiff to expend and incur fees and costs in

10  the investigation, defense and/or settlement of the claims for property damage and/or claims in the

11  Underlying Action; and

12       (s)     Taking the above-described actions as part of a systematic and deliberate

13  scheme to withhold policy benefits that would otherwise be due to Plaintiff.

14       32.     Each of the above Insurer Defendants delayed substantially in responding to or

15  wrongfully denied Plaintiff's tenders of defense and indemnity and/or requests for settlement

16  authority.  Despite repeated requests, each Insurer Defendant failed to provide Plaintiff with an

17  immediate, complete, and conflict-free defense of the claims for property damage, loss of use and

18  bodily injury asserted in the Underlying Action as required under California law.  (*Gray v. Zurich*

19  *Insurance Co.* (1966) 65 Cal.2d 263; *Buss v. Superior Court* (1977) 65 Cal. 2d 263; *Presley Homes*

20  *v. American States Ins. Co.* (2001) 90 Cal.App.4th 571.)  Despite repeated requests, not one Insured

21  Defendant has agreed to reimburse Plaintiff for attorneys' fees and costs and other expenses

22  incurred in defense of the claims for property damage and claims in the Underlying Action as

23  required under California law or agreed to provide indemnity and/or settlement authority to Plaintiff

24  with the knowledge that failing to do so would result in significantly increased liability and

25  exposure to Plaintiff.

26       33.     Plaintiff is informed and believes, and thereon alleges, that the respective officers,

27  directors and/or managing agents and/or employees of the Insurer Defendants participated in,

28  authorized, and/or ratified the wrongful conduct of Insurer Defendants as alleged above.

34. As a result of the bad faith conduct of the Insurer Defendants in this matter, Plaintiff has incurred substantial attorneys' fees, costs, and expenses in defense, investigation, and/or other costs and expenses in response to the claims for property damage, loss of use and bodily injury, and as a result of the Underlying Action and has been required to bring this complaint to enforce its rights as an insured under the policies mentioned herein. Plaintiff is entitled to recover as damages against the Insurer Defendants all the aforementioned fees, costs, and expenses which it has incurred as a result of the claims for property damages, loss of use and bodily injury as a result of the Underlying Action, together with interest thereon. Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this Court, according to proof.

35. Plaintiff is further entitled to recover as damages against the Insurer Defendants all fees, expenses, and costs incurred in this action to enforce its rights under the respective insurance policies, plus interest thereon, according to proof.

36. The above-described conduct of the Insurer Defendants has been and continues to be unreasonable, capricious, and arbitrary and constitutes a breach of the covenant of good faith and fair dealing contained in the respective policies of insurance. The above-described conduct further constitutes malicious, oppressive, and despicable conduct and a conscious disregard of Plaintiff's rights and stems from improper and evil motives, including the Insurer Defendants' desire to reduced or avoid their obligations to Plaintiff, so as to justify an award of punitive and exemplary damages. Additionally, Plaintiff is informed and believes, and thereon alleges, that the Insurer Defendants' acts, as described in the above paragraphs, constitute a systematic, methodical, and general scheme to improperly, unfairly, and unreasonably deprive their policyholders, such as Plaintiff, of the benefits of insurance coverage to which it is entitled.

### THIRD CAUSE OF ACTION

#### Declaratory Relief

#### (Against All Insurer Defendants)

37. Plaintiff repeats, realleges, and incorporates by this reference each and all of the allegations contained in paragraphs 1 through 36 of this complaint.

39. There presently exists an actual controversy between Plaintiff and the Insurer

1  Defendants concerning the Insurer Defendants' obligations and duties owed to Plaintiff pursuant to
2  the policies referenced hereinabove. Plaintiff contends that each of the Insurer Defendants owed an
3  immediate and independent duty to defend it fully and completely as a result of the owner's claims
4  of property damage, loss of use and/or bodily injury alleged in the Complaint and Cross-Complaint
5  of the Underlying Action, and the Insurer Defendants dispute this contention and have failed and
6  refused to defend Plaintiff AVRS.

7      40.      There presently exists an actual controversy between Plaintiff and the Insurer
8  Defendants concerning the Insurer Defendants' obligations and duties owed to Plaintiff pursuant to
9  the policies referenced hereinabove. Plaintiff contends that each of the Insurer Defendants owed a
10 duty to indemnify Plaintiff and a duty to settle within policy limits as a result of the claims of
11 property damage, loss of use and/or bodily injury as a result of the Underlying Action, and the
12 Insurer Defendants dispute this contention and have failed and refused to indemnify Plaintiff and/or
13 offer any money towards settlement of the claims.

14     41.      Plaintiff requests a judicial declaration of the respective rights and duties of Plaintiff
15 and the Insurer Defendants under the policies mentioned herein, including a declaration as to the
16 correct interpretation of the policies and the applicability of insurance coverage. Plaintiff also
17 requests a declaration that each Insurer Defendant is independently obligated to defend Plaintiff
18 immediately, fully, and completely, to reimburse Plaintiff for all reasonable attorneys' fees, costs,
19 expert fees, investigative costs and other expenses it incurred, and to pay for all reasonable, unpaid
20 attorneys' fees, costs, expert fees, investigative costs, and other expenses in the investigation and/or
21 defense of the claims for property damage, loss of use and bodily injury in the Underlying Action.

22     42.      Such a declaration is necessary and appropriate to determine the rights and duties of
23 the parties under these insurance policies.

24     WHEREFORE, Plaintiff prays for judgment against each and all of the Insurer Defendants
25 as follows:

26                                      **PRAYER**
27     WHEREFORE, Plaintiff prays for judgment against each and all of the Insurer Defendants
28 as follows:

## ON THE FIRST CAUSE OF ACTION

1. For compensatory damages according to proof.

## ON THE SECOND CAUSE OF ACTION

1. For compensatory damages according to proof;

2. For attorneys' fees and costs of suit incurred in obtaining benefits owed under the respective policies, according to proof; and

3. For exemplary damages, according to proof.

## ON THE THIRD CAUSE OF ACTION

1. For a declaratory judgment determining the rights and obligations between Plaintiff and Insurer Defendants under the terms of the insurance policies at issue herein, including a declaration that each Insurer Defendant owed an independent duty under California law (e.g., *Gray v. Zurich Insurance Co.* (1966) 65 Cal.2d 263; *Buss v. Superior Court* (1977) 65 Cal. 2d 263; *Presley Homes v. American States Ins. Co.* (2001) 90 Cal.App.4th 571) to provide Plaintiff an immediate, full, complete, and conflict-free defense of the underlying action and claims for property damages, loss of use, and/or bodily injury.

2. For a declaratory judgment that each and all of the Insurer Defendants referred to in this complaint reimburse Plaintiff for all reasonable defense fees and costs incurred by Plaintiff and timely pay all reasonable, unpaid fees, and costs in defense of the Underlying Action claim for property damage.

3. For a declaratory judgment determining the rights and obligations between Plaintiff and Insurer Defendants under the terms of the insurance policies at issue herein, including a declaration that each Insurer Defendant owed a duty to indemnify Plaintiff and a duty to settle the Underlying Actions claim for property damage, loss of use and/or bodily injury against Plaintiff within policy limits; and

## ON ALL CAUSES OF ACTION

1. For costs of suit herein; and

2. For interest on this sum at the prevailing legal rate from the date first incurred until paid; and

3.    For all such other and further relief as the Court may deem just and proper.

DATED: May 12, 2015                    BUSTAMANTE & GAGLIASSO, APC

By: _____
       ROBERT M. GAGLIASSO
       MARY ACQUESTA
       JENNIFER A. EMMANEEL
       Attorneys for Plaintiff
       AVRS, INC.

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Robert M. Gagliasso, Esq. (SBN: 162082)<br>Bustamante & Gagliasso, APC<br>333 W. San Carlos Street, Suite 600<br><br>San Jose, CA 95113<br>TELEPHONE NO.: 408-977-1911    FAX NO.: 408-977-0746<br>ATTORNEY FOR (Name): AVRS, Inc. | FOR COURT USE ONLY<br><br>ENDORSED<br><br>2015 MAY 13  A 10: 49<br><br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>By:_____<br>Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Santa Clara<br>STREET ADDRESS: 191 North First Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose, CA 95113<br>BRANCH NAME: | |
| CASE NAME: AVRS, Inc. v. State Farm General Insurance Co. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>**15CV280570** |
|---|---|---|
| [X] Unlimited    [ ] Limited<br>(Amount    (Amount<br>demanded    demanded is<br>exceeds $25,000)    $25,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [X] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort | [ ] Other collections (09) | [ ] Construction defect (10) |
| | [X] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse<br>condemnation (14) | [ ] Insurance coverage claims arising from the<br>above listed provisionally complex case<br>types (41) |
| [ ] Other PI/PD/WD (23) | | |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | |
| [X] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [X] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [X] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): 3
5. This case [ ] is  [X] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)
Date: May 12, 2015

Robert M. Gagliasso, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET    Legal<br>Solutions<br>Ce Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/ Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
 Medical Malpractice— Physicians & Surgeons
 Other Professional Health Care Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip and fall)
 Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
 Intentional Infliction of Emotional Distress
 Negligent Infliction of Emotional Distress
 Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
 Business Tort/Unfair Business Practice (07)
 Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
 Defamation (e.g., slander, libel) (13)
 Fraud (16)
 Intellectual Property (19)
 Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
 Other Non-PI/PD/WD Tort (35)
**Employment**
 Wrongful Termination (36)
 Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
 Contract/Warranty Breach—Seller Plaintiff (*not fraud or negligence*)
 Negligent Breach of Contract/ Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
 Collection Case—Seller Plaintiff
 Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)
**Unlawful Detainer**
 Commercial (31)
 Residential (32)
 Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)
**Judicial Review**
 Asset Forfeiture (05)
 Petition Re: Arbitration Award (11)
 Writ of Mandate (02)
  Writ-Administrative Mandamus
  Writ-Mandamus on Limited Court Case Matter
  Writ-Other Limited Court Case Review
 Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal-Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of County)
 Confession of Judgment (*non-domestic relations*)
 Sister State Judgment
 Administrative Agency Award (*not unpaid taxes*)
 Petition/Certification of Entry of Judgment on Unpaid Taxes
 Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
 Declaratory Relief Only
 Injunctive Relief Only (*non-harassment*)
 Mechanics Lien
 Other Commercial Complaint Case (*non-tort/non-complex*)
 Other Civil Complaint (*non-tort/non-complex*)
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief from Late Claim
 Other Civil Petition